**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Robert S. Marticello (State Bar No. 244256)
*rmarticello@raineslaw.com*
Stephen M. Mott (State Bar No. 362642)
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for Debtor-in-Possession
Raymond Group, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>RAYMOND GROUP, LLC,<br><br>Debtor-in-Possession. | Case No.: 8:26-bk-10834-SC<br><br>Chapter: 11<br><br>**MOTION TO AMEND SCHEDULING ORDER REGARDING DEADLINE TO FILE A DISCLOSURE STATEMENT AND PLAN AND FOR AN EXTENSION OF THE EXCLUSIVITY PERIODS OF 11 U.S.C. § 1121; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HOWARD GROBSTEIN IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND CREDITORS ENTITLED TO NOTICE:**

Raymond Group, LLC, the debtor and debtor-in-possession in this case (the "**Debtor**"), requests that the Scheduling Order entered on May 7, 2026, be amended to extend the deadline for the Debtor to file its disclosure statement and plan by ninety (90) days and that the exclusivity periods for proposing and soliciting votes on a plan also be extended by ninety (90) days. In support of the motion (the "**Motion**"), the Debtor submits the following

memorandum of points and authorities and the declaration of Howard Grobstein in support thereof.

**I. <u>BACKGROUND</u>**

On March 18, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned case. The Debtor is operating as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this case and no official committees have been appointed or designated. This case is a single asset real estate case.

The Debtor is a special purpose entity that owns and operates a commercial strip mall located at 104-172 Raymond Avenue, Fullerton, CA 92831 (the "**Property**"). The Property has 10 tenants, including Planet Fitness, Grocery Outlet, and Polly's Pies, and is fully leased. The Property has two liens against it: (1) a first priority lien in favor of Bank of America to secure a loan with an approximate balance of $16,700,000; and (2) a second priority lien in favor of Nano Banc that secured a debt with an approximate balance of $4,356,000. Based on a broker opinion of value from June 2024, the Property is worth from $25,780,000 to $27,800,000. In order to guide the Debtor through its chapter 11 and because of concerns about former management, it was determined that retaining Howard Grobstein as the Debtor's manager for the pendency of this case would be in the best interests of all concerned. His appointment became effective April 15, 2026.

Right after he was appointed, Mr. Grobstein requested a variety of books and records from former management, including access to the QuickBooks files, three years of bank statements, vendor invoices, and insurance information. He also obtained access to Appfolio, which is the program used by the former property manager. Although he received some of the information he requested quickly, it took approximately a month to get the QuickBooks back-up and the bank statements were only recently produced but the Debtor will need to subpoena the banks for copies of cancelled checks, deposited items, and related information. With

respect to Appfolio, Mr. Grobstein and his team determined that the information in Appfolio was not entirely accurate.

At the May 6, 2026, status conference in this case and based on the Debtor's estimate of when it believed it would be able to propose a plan, the Court set the deadline to do so as July 16, 2026, which is also the deadline for the Debtor to have the exclusive ability to propose a plan. However, the delay in getting the financial information needed to formulate a plan based on accurate projections is going to prevent the Debtor from filing its plan prior to the deadline set in the Scheduling Order. To allow sufficient time and because information is coming from several places, the Debtor requires an extension of time to file its plan and disclosure statement and to solicit acceptances of a plan and believes that an extension of the deadlines for 90 days is appropriate.

## II. LEGAL ARGUMENT

A chapter 11 debtor has the exclusive right to file a plan during the first 120 days of a bankruptcy case and to obtain acceptance of its plan during the first 180 days of the case. See 11 U.S.C. § 1121. Section 1121 is critical to the chapter 11 process, promoting the orderly and consensual reorganization of the debtor's affairs. Congress intended that the debtor be afforded a reasonable opportunity to negotiate and propose a consensual plan of reorganization without interference from creditors or the threat of a competing plan. *See In re Clamp-All Corp*., 233 B.R. 198, 207 (Bankr. D. Mass. 1999); *see also In re Texaco, Inc*., 81 B.R. 806, 809 (Bankr. S.D.N.Y. 1988) (citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 221-22, reprinted in 1978 U.S.C.C.A.N. 5787).

A bankruptcy court can extend the exclusivity periods for "cause." "Cause" is not defined by the Bankruptcy Code. Nonetheless, in determining whether to extend the exclusivity periods, courts typically consider the following non-exhaustive list of nine factors:

1. The size and complexity of the case;
2. The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

3. The existence of good faith progress toward reorganization;

4. The fact that the debtor is paying its bills as they become due;

5. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6. Whether the debtor has made progress in negotiations with its creditors;

7. The amount of time which has elapsed in the case;

8. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

9. Whether an unresolved contingency exists.

*See In re Dow Corning Corp*., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (cited with approval by *In re Henry Mayo Newhall Memorial Hosp*., 282 B.R. 444, 452 (9th Cir. BAP 2002)); *In re Adelphia Comm. Corp*., 352 B.R. 578, 587 (Bank. S.D.N.Y. 2006); *In re Matter of Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005).

These nine factors are simply a starting point, the debtor need not satisfy every single factor, and courts are free to consider other relevant factors based on the unique facts of this case. *See Adelphia*, 352 B.R. at 583, 587. The decision to grant a request to extend the exclusivity deadlines lies within the sound discretion of the bankruptcy court. *See In re Gibson & Cushman*, 101 B.R. 405, 409 (E.D.N.Y. 1989). "[A] transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolutions." *Henry Mayo*, 282 B.R. at 453.

With respect to modification of the Scheduling Order, a party may request an extension of a deadline set by the Court by making the request prior to the expiration of the deadline "for cause shown." Fed. R. Bankr. Proc. 9006(b)(1).

Here, although the plan will not be a complicated one given that it will be funded in substantial part through a sale of the Property, the Debtor does not currently have accurate financial information that will support its feasibility. The Debtor is going to need to continue to operate pending the sale and it is presently unclear whether the Debtor has sufficient cash flow without a source of financing to get through a sale of the Property. The Debtor is under

new management so lacks historical knowledge of the Debtor's financial conditions and the historical financials may not have been entirely accurate in any event. To allow the Debtor sufficient time to gauge its financial performance and determine exactly how it will exit this case, the Debtor requires additional time to formulate its disclosure statement and plan. Accordingly, the Debtor requests that the Court modify the Scheduling Order and the exclusivity deadlines to provide that the Debtor may have until October 16, 2026, to file its disclosure statement and plan and until December 14, 2026, to solicit acceptances of its plan.

## III. <u>CONCLUSION</u>

WHEREFORE, the Debtor requests that the Court enter an order:

1. Amending the Scheduling Order to provide that the Debtor shall file its disclosure statement and plan on or before October 16, 2026, subject to further extension for cause shown;

2. Extending the deadlines in 11 US.C. § 1121(d) by ninety (90) days, to October 16, 2026, and December 14, 2026, respectively; and

3. Granting such other relief as the Court may deem just and appropriate.

Respectfully submitted,

Dated: July 16, 2026 RAINES FELDMAN LITTRELL LLP

By: */s/ Kyra E. Andrassy*
Kyra E. Andrassy
Counsel for Debtor-in-Possession
Raymond Group, LLC

**DECLARATION OF HOWARD GROBSTEIN**

I, Howard Grobstein, declare as follows:

4. I am the Manager for Raymond Group, LLC, the debtor and debtor-in-possession (the "**Debtor**") in the above captioned case. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Debtor's motion to amend the Court's Scheduling Order and to extend the exclusivity deadlines by 90 days (the "**Motion**"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

5. The Debtor is a special purpose entity that owns and operates a commercial strip mall located at 104-172 Raymond Avenue, Fullerton, CA 92831 (the "**Property**"). The Property has 10 tenants, including Planet Fitness, Grocery Outlet, and Polly's Pies, and is fully leased. The Property has two liens against it: (1) a first priority lien in favor of Bank of America to secure a loan with an approximate balance of $16,700,000; and (2) a second priority lien in favor of Nano Banc that secured a debt with an approximate balance of $4,356,000. Based on a broker opinion of value from June 2024, the Property is worth from $25,780,000 to $27,800,000. In order to guide the Debtor through its chapter 11 and because of concerns about former management, it was determined that retaining me as the Debtor's manager for the pendency of this case would be in the best interests of all concerned. My appointment became effective April 15, 2026.

6. Right after I was appointed, I requested a variety of books and records from former management, including access to the QuickBooks files, three years of bank statements, vendor invoices, and insurance information. I also obtained access to Appfolio, which is the program used by the former property manager. Although I received some of the information I requested quickly, it took approximately a month to get the QuickBooks back-up and the bank statements have yet to be produced and will likely need to be subpoenaed. With respect to Appfolio, we have determined that the information in Appfolio is not entirely

accurate. We have also requested information from the Receiver and are still in the process of getting it.

7. At the May 6, 2026, status conference in this case and based on our estimate at that time of when we believed the Debtor would be able to propose a plan, the Court set the deadline to do so as July 16, 2026, which is also the deadline for the Debtor to have the exclusive ability to propose a plan. However, the delay in getting the financial information needed to formulate a plan based on accurate projections is going to prevent the Debtor from filing its plan prior to the deadline set in the Scheduling Order, which is also the deadline for the Debtor to have the exclusive right to file a plan. Although the plan will not be a complicated one given that it will be funded in substantial part through a sale of the Property, the Debtor does not currently have accurate financial information that will support its feasibility. The Debtor is going to need to continue to operate pending the sale and it is presently unclear whether the Debtor has sufficient cash flow without a source of financing to get through a sale of the Property. Because I was only recently appointed and former management is no longer involved, there is no historical knowledge of the Debtor's financial conditions and the historical financials may not have been entirely accurate in any event.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on July 16, 2026, at Madrid, Spain.

Howard Grobstein

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO AMEND SCHEDULING ORDER REGARDING DEADLINE TO FILE A DISCLOSURE STATEMENT AND PLAN AND FOR AN EXTENSION OF THE EXCLUSIVITY PERIODS OF 11 U.S.C. § 1121; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF HOWARD GROBSTEIN IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 16, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 16, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Federal Express**
Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 16, 2026 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Jessica L Bagdanov** jbagdanov@bg.law, ecf@bg.law
- **Michaela C Crocker** michaela.crocker@katten.com, courtalertlax@katten.com
- **Dora Duru** dora.duru@bclplaw.com, verlisa.lewis@bclplaw.com,dora-duru-0321@ecf.pacerpro.com
- **William B Freeman** bill.freeman@kattenlaw.com, nicole.jones@kattenlaw.com,ecf.lax.docket@kattenlaw.com
- **David B Golubchik** dbg@lnbyg.com, dbg@lnbyg.com
- **Steven T Gubner** sgubner@bg.law, ecf@bg.law
- **Golsa Honarfar** ghonarfar@rutan.com, dmircheff@rutan.com
- **Robert S Marticello** rmarticello@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Arlen Moradi** arlen.moradi@katten.com, courtalertlax@katten.com
- **Stephen M. Mott** smott@raineslaw.com, csantiago@raineslaw.com;bclark@raineslaw.com
- **David M Poitras** dpoitras@bg.law
- **David James Root** david.root@bclplaw.com, verlisa.lewis@bclplaw.com
- **Joseph M Rothberg** jmr@lnbyg.com, jmr.LNBYG@ecf.inforuptcy.com
- **Martin W Taylor** marty.taylor@bclplaw.com, shawn.williams@bclplaw.com,marty-taylor-5681@ecf.pacerpro.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Christopher A Ward** cward@lowenstein.com, lsuprum@lowenstein.com
- **Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss-7104@ecf.pacerpro.com